## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GORILLA ENERGY SERVICES, LLC** | * | |
| | * | |
| **Plaintiff,** | * | **Civil action No.** |
| | * | |
| **v.** | * | **Section:** |
| | * | |
| **UNITED RESOURCE, LLC, VSRS SERVICES, LLC,** | * | **Magistrate:** |
| **COMPLIANCE ENVIROSYSTEMS, LLC,** | * | |
| **HARD ROCK CONSTRUCTION, LLC, and** | * | |
| **DAVID GUTH** | * | |
| | * | |
| **Defendants.** | * | |

**************************************************

## COMPLAINT

### I.      Introduction

1.     This is the Complaint brought by an Oklahoma limited liability company under Louisiana

State law including Breach of Contract, Louisiana Civil Code Article 2769, Unfair Trade

Practices Act, Louisiana Revised Statute § 51:1409(A)*,* negligence under Louisiana Code

of Civil Procedure Article 2315, and Unjust Enrichment against defendants United

Resource, LLC, VSRS Services, LLC, Compliance Envirosystems, LLC, Hard Rock

Construct, LLC and David Guth.

### II.      Jurisdiction and Venue

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as Plaintiff is an Oklahoma limited

liability company domiciled in Oklahoma City, Oklahoma, while VSRS Services, LLC,

1

Compliance Envirosystems, LLC and Hard Rock Construct, LLC are all Louisiana limited liability companies; VSRS Services, LLC, Compliance Envirosystems, LLC, Hard Rock Construct, LLC is a Michigan Limited Liability Company and David Guth is a Michigan domiciliary. And because the contract and the value of the work performed at issue herein exceeds $75,000, diversity jurisdiction exists in this Court. Venue is appropriate in this judicial district as the contract and worked performed at issue herein was executed and performed in Jefferson Parish Orleans Parish and St. Bernard Parish, Louisiana.

### III.    Parties

3.    Plaintiff, Gorilla Energy Services, LLC ("Gorilla" or "Plaintiff") is an Oklahoma limited liability company organized and domiciled in Oklahoma City, Oklahoma.

4.    (a)    Defendant United Resource, LLC ("United") is an inactive Michigan limited liability company authorized to do and doing business in the State of Louisiana.  United may be served through its Registered Agent in Louisiana, Willard Landrum, 8820 Nelson, New Orleans, LA 70118.

(b)    Defendant VSRS Services, LLC ("VSRS") is a Louisiana limited liability company authorized to do and doing business in the State of Louisiana.  VSRS may be served through its Registered Agent in Louisiana, Dwight Walker, 1901 Manhattan Blvd., Bldg. C, Suite 204, Harvey, LA 70058.

(c)    Defendant Compliance Envirosystems, LLC ("CES") is a Louisiana limited liability company authorized to do and doing business in the State of Louisiana.  CES may be served through its Registered Agent in Louisiana, R. Gray Sexton, 8680 Bluebonnet Blvd., Suite D, Baton Rouge, LA 70810.

2

(d)      Defendant Hard Rock Construction, LLC ("Hard Rock") is a Louisiana limited liability company authorized to do and doing business in the State of Louisiana.  Hard Rock may be served through its Registered Agent on Louisiana, Jan Langford, 1255 Peters Road, Harvey, LA 70058.

(e)      Defendant David Guth ("Guth") is an individual over the age of majority, domiciled, upon information and belief, in Livonia Michigan.  Guth may be served at 32900 Capital Street, Livonia MI 48150.

### IV.      Factual Allegations

5.      On September 22, 2021, Gorilla entered into a formal contract with Wynwards Energy Services, LLC ("Wynwards") for hurricane recovery related services after Hurricane Ida (hereinafter, the "Contract").  In particular, Gorilla removes mud and other detritus and debris from ditches, canals, catch basins and other areas following hurricanes.   Upon information and belief, Wynwards had a separate contract with the Federal Emergency Management Agency ("FEMA") to mitigate damage caused by Hurricane Ida.

6.      Pursuant to the Contract, Gorilla sent trucks and personnel to South Louisiana and commenced the removal and transport of Hurricane Ida related debris.  For several weeks, this work went forward without incident; Gorilla performed the work, sent invoices therefor to Wynwards and Wynwards paid for the work performed.

7.      Unbeknownst to Gorilla, at the various work sites, other companies were contracted for related work and Gorilla employees worked alongside workers from these other entities. After several weeks, it became apparent that Defendant Guth was managing the work

performed and directing workers to the various sites.  Gorilla employees went along with Guth's directions because they believed he was employed by, or contracted by Wynwards.

8.      Gorilla later discovered that Guth was the principle for defendant United who had contracts with co-defendants CES, VSRS, Hard Rock and possibly Wynwards itself.  Gorilla is not privy to such contracts and is thus unaware of their terms and status.

9.      Throughout September of 2021, Gorilla performed all of the work directed by Guth, as well as other related work in conjunction with, and at the direction of CES, Hard Rock and VSRS, but Gorilla was never paid for any of the work not directly related to Wynwards.

10.     All told, Gorilla performed services and sent corresponding invoices totaling $129,355.00 to Wynwards.  Gorilla sought payment for these services from Wynwards because it believed Wynwards was securing payment from the various entities involved herein. Gorilla then discovered that was not the case; Wynwards was neither invoicing, nor receiving payment for the services performed by Gorilla.

11.     For several months thereafter, Gorilla sought payment for its services rendered from United, CES, Hard Rock, VSRS and from Guth himself.  On each occasion, CES, Hard Rock and VSRS informed Gorilla that they had paid United and/or Guth for any amounts owed by them respectively.

12.     On January 26, 2023, Gorilla's principle spoke with, and emailed Guth regarding the outstanding amounts, and therein, Guth acknowledged the debt.  Specifically, Guth stated that he would pay Gorilla upon receipt of corresponding payment from CES, Hard Rock and/or VSRS.

13.  As of this date, Gorilla is owed $129,355.00 for work performed for United, CES, Hard Rock and VSRS.  CES, Hard Rock and VSRS contend, upon information and belief, that each paid United and/or Guth, but this never redounded to Gorilla.  In any case, Gorilla is owed the money.

14.  All defendants, despite receiving such amicable demands for payment, ignored it and the instant suit ensued.

### First Claim for Relief

### (Breach of Contract)

15.  Plaintiff realleges paragraphs 1 – 14 as though fully set forth herein.

Louisiana Civil Code Article 2769 reads:

If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.

16.  In order to succeed on a breach of contract claim, the plaintiff must prove the existence of a contract, a breach of that contract, and damages. *See Ledet v. Campo,* 12–1193 (La.App. 3 Cir. 3/6/13), 128 So.3d 1034.

17.  Here, there are written contracts between and among the defendants for Hurricane Ida related cleanup. Gorilla performed the services it agreed to do for Wynwards, billed Wynwards for its time, but defendants failed to pay the such services.

18.  Plaintiff was damaged by the defendants' breach of contract.  This is in addition to other damages described herein.

**Second Claim for Relief**

**Unfair Trade Practices**

19.     Plaintiff realleges paragraphs 1 - 14 as though fully set forth herein.

20.     Louisiana Revised Statute § 51:1409(A) reads in pertinent part:

> Any person who suffers any ascertainable loss of money or moveable property, corporeal or incorporeal, as a result of the use or employment by any other person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

21.     Under Louisiana Revised Statute 51:1401 *et seq.* actual damages not only includes monetary losses of the kind Gorilla suffered, but also includes consequential damages for mental anguish, embarrassment and humiliation, as well as lost profits.  *See Laurents v. Louisiana Mobile Homes, Inc.*, 689 So.2d 536 (La. App. 3 Cir. 2/5/97).  Moreover, Louisiana Revised Statute 51:1405 calls for the payment of reasonable attorney's fees and costs in the event of an "ascertainable loss of money or moveable property."

22.     Defendants engaged in unfair trade practices when each received payment, directly or indirectly from FEMA, for trucking and cleaning services performed by Gorilla, but refusing to pay Gorilla therefor.

23.     Gorilla suffered an ascertainable loss of money as a result of defendants' unfair and deceptive practices.  Plaintiff seeks all remedies available under the law, including but not limited to actual damages, lost profits, and attorney's fees.

## Third Claim for Relief

## Negligence

24.    Plaintiff realleges paragraphs 1 - 14 as though fully set forth herein.

25.    Negligence is defined in Louisiana Code of Civil Procedure Article 2315.  Louisiana courts conduct a duty-risk analysis to determine whether to impose liability under Article 2315. *See Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 632–633 (La. 2006). Under Louisiana law, "[t]he duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability." *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir.2008) (quoting *Lemann*, 923 So.2d at 633). A plaintiff must prove each of five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard of care (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope-of-duty element); and (5) actual damages (the damages element). *See S.J. v. Lafayette Parish Sch. Bd.*, 41 So.3d 1119, 1125 (La.2010); *see also Knight v. Kellogg Brown & Root Inc.*, 333 Fed.Appx. 1, 6 (5th Cir.2009) (applying Louisiana law).

26.    At very least, Defendants were negligent in failing to ensure Gorilla was paid for the services it rendered.  Each defendant owed a duty to Gorilla to do so.

27.    Consequently, Defendants had and have a duty to exercise reasonable care in dealing with subcontractors and/or workers who perform services at their direction.

28.  Defendants breaches were the cause in fact, as well as the legal cause of Plaintiff's actual damages in this case.

**Fourth Claim for Relief**

**Unjust Enrichment**

29.  Plaintiff realleges paragraphs 1 - 14 as though fully set forth herein.

30.  In the event the Court were to fail to determine the existence of a contract between Gorilla and defendants herein, Plaintiff pleads the alternate cause of unjust enrichment.

31.  The five elements required to establish an unjust enrichment claim are:

(1) an enrichment,

(2) an impoverishment,

(3) a connection between the enrichment and resulting impoverishment,

(4) an absence of "justification" or "cause" for the enrichment and impoverishment, and

(5) no other remedy at law available to plaintiff.

*Dugas v. Thompson*, 2011–0178 (La.App. 4 Cir. 6/29/11), 71 So.3d 1059, 1067–1068.

32.  Defendants were unjustly enriched in the form of receipt of $129,355.00 in cleaning and trucking services despite having likely receive payment therefor from FEMA, either directly or indirectly.  Stated otherwise, defendants were paid for work they did not do and did not pay for work done by Gorilla.

33.  Defendants, through their representations, made promises to Plaintiff with respect to payment of the services contracted for, including but not limited to the January 25, 2023

acknowledgement of the debt by United and/or Guth. Plaintiff relied on such promises to its detriment, and Plaintiff suffered damages as a result.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief in its favor as follows:

1. Actual damages in the amount of $129,355.00;

2. Lost profits in an amount to be proven at trial;

3. Attorneys' fees;

4. Costs and expenses incurred in the action; and

5. Such other and further relief as is appropriate.

DATED this 11th day of May, 2023.

Respectfully submitted,

MICHAUD CONSUMER LAW, LLC

/s/ *Marc R. Michaud*

Marc R. Michaud, LA Bar No. 28962
1100 Poydras St., Ste. 2900
New Orleans, LA 70163
Telephone: (504) 910-6775
Facsimile: (504) 910-6953
Email: marc@michaudconsumerlaw.com