UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GORILLA ENERGY SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 23-1580 |
| UNITED RESOURCE, LLC, VSRS SERVICES, LLC, COMPLIANCE ENVIROSYSTEMS, LLC, HARD ROCK CONSTRUCTION, LLC, AND DAVID GUTH | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss* **(Rec. Doc. 15)** filed by Defendant, Compliance Envirosystems, LLC ("CES"); an opposition (Rec. Doc. 17) filed by Plaintiff, Gorilla Energy Services, LLC ("Gorilla"); and a reply (Rec. Doc. 21) filed by CES. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED in part and DENIED in part.**

## FACTS AND PROCEDURAL BACKGROUND

Non-party Wynwards Energy Services, LLC ("Wynwards") contracted with the Federal Emergency Management Agency to mitigate damage caused by Hurricane Ida. On September 22, 2021, Wynwards entered a contract with Plaintiff, where Plaintiff would remove mud and debris from ditches, canals, and catch basins in South Louisiana. Plaintiff sent trucks and personnel to South Louisiana and worked

on removing Hurricane Ida debris for several weeks. Plaintiff sent invoices for the work to Wynwards, and Wynwards paid for the work performed.

At the various work sites, Plaintiff's employees worked alongside workers from other subcontractors. Plaintiff alleges that, at some point during this work, it became apparent that Defendant Guth managed the work and directed the various workers. Plaintiff alleges that its employees followed Guth's directions because they believed he was employed by Wynwards. Plaintiff later discovered that Guth was the principal for Defendant United Resource LLC ("United"), and Plaintiff alleges United contracted with Co-Defendants CES; VSRS Services, LLC ("VSRS"); Hard Rock Construction, LLC; and possibly Wynwards.

Plaintiff continued to perform services at Guth's direction and sent corresponding invoices totaling $129,355.00 to Wynwards. Plaintiff alleges that it sought payment from Wynwards because it believed Wynwards was securing payment from other entities. Plaintiff later discovered that Wynwards was not invoicing or receiving payment for Plaintiff's services.

Plaintiff then turned to Defendants to seek payment. CES, Hard Rock, VSRS informed Plaintiff that they had paid United and/or Guth for any amount they owed. On January 26. 2023, Guth acknowledged the debt to Plaintiff and stated that he would pay Plaintiff upon receipt of payment from CES, Hard Rock, and/or VSRS. Plaintiff has not yet received the $129,355.00 that it alleges it is owed for work performed for United, CES, Hard Rock and VSRS.

Plaintiff filed the instant suit on May 11, 2023, claiming breach of contract, unfair trade practices, negligence, and unjust enrichment under Louisiana law. (Rec. Doc. 1). On July 24, 2023, CES filed the instant motion to dismiss, arguing that Plaintiff did not establish diversity subject matter jurisdiction and failed to state a claim for each of its four claims. (Rec. Doc. 15).

## LEGAL STANDARD

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

CES argues that, because Gorilla failed to affirmatively allege diversity in its Complaint by alleging the citizenship of each party, that the Court should dismiss the Complaint for lack of subject matter jurisdiction or order Gorilla to amend its Complaint. (Rec. Doc. 15-1, at 2). CES, a Louisiana limited liability company, states that its membership is comprised of domiciliaries of Louisiana, Georgia, Texas, and Tennessee. *Id.* In response, Gorilla states that it is an Oklahoma LLC, so the parties are completely diverse. (Rec. Doc. 17, at 4).

For a federal court to have diversity jurisdiction over a claim 28 U.S.C. § 1332 requires that the amount in controversy "exceed [ ] the sum or value of $75,000, exclusive of interest and costs" in the case of individual claims. Additionally, 28 U.S.C. § 1332 requires complete diversity, mandating that all persons on one side of the controversy be citizens of different states than all persons on the other side.

*McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). As to limited liability companies, the Fifth Circuit has concluded that:

> Supreme Court precedent, case law from other circuits, and the statutory language of both Section 1332 and Louisiana Revised Statutes § 12:1301(a)(10) overwhelmingly support the position that a [limited liability company] should not be treated as a corporation for purposes of diversity jurisdiction. Rather, the citizenship of a LLC is determined by the citizenship of all of its members.

*Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "So, to establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC."*MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)) (internal quotation marks omitted).

Defendant does not challenge this Court's jurisdiction based on the amount in controversy. (Rec. Doc. 15). Further, it appears that the $75,000 amount in controversy threshold is satisfied in this case; Plaintiff's Complaint seeks $129,355.00 for money allegedly owed for work it performed for Defendants. (Rec. Doc. 1). Therefore, the sole jurisdictional issue the Court must resolve is whether there is complete diversity of citizenship between the parties in accordance with 28 U.S.C. § 1332.

Plaintiff Gorilla is a limited liability corporation, so its citizenship is determined by the citizenship of its members. Gorilla's Complaint states that it is an Oklahoma LLC organized and domiciled in Oklahoma City, Oklahoma. (Rec. Doc. 1, at 2). Neither the Gorilla's Complaint nor Gorilla's opposition to the instant motion

identifies or specifically alleges the citizenship of every member of Gorilla, LLC. Defendants include four LLCs and a natural person: United, VSRS, CES, Hard Rock, and Guth. Gorilla's pleadings also fail to adequately allege the citizenship of each Defendant. Thus, none of the parties' citizenship is clear from the pleadings, and the existence of federal jurisdiction is in question.

When "jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). Further, when "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). (internal quotation marks and citation omitted). Therefore, in this case, the question of jurisdiction should be resolved before addressing CES's arguments regarding whether Gorilla stated a claim.

Accordingly,

## **CONCLUSION**

**IT IS HEREBY ORDERED** that CES's motion to dismiss **(Rec. Doc. 15)** is **GRANTED in part and DENIED in part** without prejudice to refiling. The Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is granted, and the Rule 12(b)(6) motion to dismiss for failure to state a claim is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Rec. Doc. 1) is **DISMISSED without prejudice**. Plaintiff may move for leave to file an amended

complaint to cure the pleading deficiencies. The motion for leave to amend is due within 14 days of this Order.

New Orleans, Louisiana, this 25th day of September, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE