UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GORILLA ENERGY SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 23-1580 |
| UNITED RESOURCE, LLC, VSRS SERVICES, LLC, COMPLIANCE ENVIROSYSTEMS, LLC, HARD ROCK CONSTRUCTION, LLC, AND DAVID GUTH | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 27)** filed by Defendant VSRS Services, LLC ("VSRS") and a memorandum in opposition filed by Plaintiff Gorilla Energy Services, LLC ("Gorilla") (Rec. Doc. 28). Having considered the motions and legal memoranda, the record, and applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

Non-party Wynwards Energy Services, LLC ("Wynwards") contracted with the Federal Emergency Management Agency to mitigate damage caused by Hurricane Ida. On September 22, 2021, Wynwards entered a contract with Plaintiff, where Plaintiff would remove mud and debris from ditches, canals, and catch basins in South Louisiana. Plaintiff sent trucks and personnel to South Louisiana and worked on removing Hurricane Ida debris for several weeks. Plaintiff sent invoices for the work to Wynwards, and Wynwards paid for the work performed.

1

At the various work sites, Plaintiff's employees worked alongside workers from other subcontractors. Plaintiff alleges that, at some point during this work, it became apparent that Defendant David Guth managed the work and directed the various workers. Plaintiff alleges that its employees followed Guth's directions because they believed he was employed by Wynwards. Plaintiff later discovered that Guth was the principal for Defendant United Resource LLC ("United"), and Plaintiff alleges United contracted with Co-Defendants CES; VSRS Services, LLC ("VSRS"); Hard Rock Construction, LLC; and possibly Wynwards.

Plaintiff continued to perform services at Guth's direction and sent corresponding invoices totaling $129,355.00 to Wynwards. Plaintiff alleges that it sought payment from Wynwards because it believed Wynwards was securing payment from other entities. Plaintiff later discovered that Wynwards was not invoicing or receiving payment for Plaintiff's services.

Plaintiff then turned to Defendants to seek payment. CES, Hard Rock, VSRS informed Plaintiff that they had paid United and/or Guth for any amount they owed. On January 26. 2023, Guth acknowledged the debt to Plaintiff and stated that he would pay Plaintiff upon receipt of payment from CES, Hard Rock, and/or VSRS. Plaintiff has not yet received the $129,355.00 that it alleges it is owed for work performed for United, CES, Hard Rock, and VSRS. VSRS filed the instant motion to dismiss, arguing that Plaintiff did not establish that it actually had a contract with VSRS, thus failing to state a claim for each of its four claims. (Rec. Doc. 27).

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

**DISCUSSION**

Defendant VSRS has moved to dismiss Plaintiff's claims for breach of contract, LUTPA, negligence, and unjust enrichment. The Court will now address each claim in turn.

I. BREACH OF CONTRACT

Plaintiff alleges a breach of contract claim against Defendant VSRS, arguing that it performed work at the direction of VSRS for which it was never paid. (Amended Complaint, Rec. Doc. 26, at 4). Plaintiff admits that it never had a contract with VSRS. Instead, Plaintiff argues that the behavior of Defendant David Guth, the principal for Defendant United Resource, LLC ("United"), reflected an oral modification of a contract or contracts between United and VSRS which VSRS then breached by not paying Plaintiff. (Rec. Doc. 28, at 5).

"A claim for a breach of contract requires (1) the obligor's undertaking of an obligation to perform pursuant to a contract, (2) the obligor failing to perform that obligation causing a breach, and (3) the breach resulting in damages to the obligee. *Favrot v. Favrot*, 68 So.3d 1099, 1109 (La. Ct. App. 4th Cir. 2011), *writ denied*, 2011-0636 (La. 5/6/11), 62 So. 3d 127 (citing *1436 Jackson Joint Venture v. World Constr. Co., Inc.*, 499 SO.2d 426, 427 (La. App. 4th Cir. 1986)).

Plaintiff relies *Driver Pipeline Co. v. Cadeville Gas Storage, LLC*, 150 So.3d 492, 504 (La. Ct. App. 2nd Cir., Oct, 1, 2014) in which the Louisiana Second Circuit Court of Appeals held that "a party to a construction contract [can] prove the

4

modification of a written contract orally or by silence, inaction, or implication, even where the contract provides that modifications must be in writing…" *See also Perez v. Utility Constructors, Inc.*, No. 15-4675, 2016 WL 5930877 at *4 (E. D. La., Oct. 12, 2016) (holding that Louisiana law allows written contracts to be modified by oral contracts and by the conduct of the parties, even when the written contract has a provision stating modifications must be made in writing). Plaintiff argues that "because defendants' (sic) acquiesced to such work by their demonstrable conduct, this affected an oral modification of said contract or contracts, which Gorilla now seeks to enforce." (Rec. Doc. 28, at 6).

    Although Plaintiff is correct that written contracts may be modified orally, Plaintiff's Amended Complaint does not plead facts sufficient to sustain that claim in this case. Plaintiff merely asserts that it "performed work that fell under one of (sic) more of the contracts between and among the defendants" because its employees mistakenly believed Defendant David Guth, an employee of United, was either employed by or contracted by Wynwards with whom Plaintiff did have contractual privity. (Rec. Doc. 26, at 4). A mistake by one company's employees is not enough to sustain an assertion that any contract had been orally modified, nor can the behavior of David Guth who was neither a principal nor an employee of VSRS be deemed to create a contractual obligation for VSRS. In fact, Plaintiff instead pleads that "there are *written* contracts between and among the defendants." *Id.* at 5. The first time that any suggestion of oral modification appears in the record of this case is in Plaintiff's opposition to VSRS's motion to dismiss, and

Plaintiff's briefing on this subjection does not provide a single factual assertion to suggest that any parties in this case modified their contracts orally. Accordingly, the Court finds that this claim should be **DISMISSED**.

## II.   LOUISIANA UNFAIR TRADE PRACTICES ACT

Plaintiff also alleges that VSRS violated the Louisiana Unfair Trade Practices Act ("LUTPA") when it withheld payment from Plaintiff pursuant to the Wynwards contract. LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. R.S. § 51:1405(A). It affords a private right of action to "[a]ny person who suffers any ascertainable loss" as a result of unlawful conduct." §51:1409(A). "To recover, the plaintiff must prove some element of fraud, misrepresentation, deception or other unethical conduct." *IberiaBank v. Broussard*, 907 F.3d 826, 839 (5th Cir. 2018) (internal quotation marks and citations omitted.) "What constitutes an unfair trade practice is determined by the courts on a case-by-case basis." *IberiaBank*, 907 F.3d at 839. Importantly, LUTPA does not provide an alternative remedy for simple breaches of contract. Instead, it states that the defendant's behavior has to be more egregious than a regular breach of contract. *Cheramie Servs.,Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1060 (La. 2010) (quoting *Turner v. Purina Mills, Inc.*, 989 F.2d 1418, 1422 (5th Cir. 1993)). If the plaintiff's LUTPA claim raises the issue of fraud, it must meet the heightened pleading standard of Rule 9(b) requiring plaintiffs plead fraudulent behavior with heightened specificity. Fed. R. Civ. P. 9.

6

VSRS states that Plaintiff's claim under the Louisiana Unfair Trade Practices Act ("LUPTA") is invalid because Gorilla alleges a mere breach of contract for non-payment. Plaintiff admits that its complaint does not contain any allegations that VSRS withheld payment through any means of fraud, misrepresentation, or other unethical conduct "because it has yet to discover the reason or reasons behind the alleged breach of contract in this matter." (Rec. Doc. 28, at 7).

Plaintiff's complaint does not contain any facts that suggest any egregious behavior on VSRS's part that would elevate this claim to the level of a LUTPA claim. In fact, rather than suggesting VSRS engaged in any deceptive practices, Plaintiff does not even allege that VSRS *knew* that Plaintiff should not be performing the work at issue in this matter. Plaintiff's complaint merely states that "defendants received payment, directly or indirectly from FEMA, for trucking and cleaning services performed by Gorilla" for which they are now refusing to pay Gorilla. (Rec. Doc. 26, at 6). Plaintiff alleges no misrepresentation or deceit on VSRS's part but instead a mistake on the part of its own employees on following the instructions of David Guth. Such allegations do not prove a LUTPA violation, and accordingly this claim should be **DISMISSED**.

### III.   NEGLIGENCE

Plaintiff also asserts a claim of negligence against VSRS, arguing that VSRS and other defendants "had a duty to exercise reasonable care in dealing with subcontractors and/or workers who perform services at their direction" and that

7

they breached this duty by not paying Plaintiff. (Rec. Doc. 26, at 8). VSRS argues that Plaintiff's negligence claim is prescribed under Louisiana Civil Code article 3492 and should therefore be dismissed. Negligence claims are subject to a prescriptive period of one year which runs from the date of injury or damage, which, in this case, is the day on which payment was due but went unpaid. La. Civ. Code art. 3492. Plaintiff filed the instant lawsuit until May 11, 2023 for the non-payment for work that took place in September 2021. (Rec. Doc. 27, at 8). Plaintiff's complaint does not specify any particular date on which payment for these services was due. Plaintiff merely alleges that "for several months after" the services were performed, it sought payment from VSRS and the other Defendants in this matter, showing that Plaintiff was aware that it was owed money and thus that the alleged tort had occurred. (Rec. Doc. 26, at 4). Even if this Court generously assumes "several months" to begin as many as six months after the work was initially performed, this claim must still be dismissed as prescribed because the instant lawsuit was filed approximately two years and eight months after the work was performed. Accordingly, Plaintiff's negligence complaint should be **DISMISSED**.

## IV.   UNJUST ENRICHMENT

Finally, Plaintiff brings a claim in the alternative for unjust enrichment. Under Louisiana law, to prove unjust enrichment the following five elements must be present: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) the lack of another remedy

8

at law. *Semco, LLC v. Grand Ltd.*, 221 So.3d 1004, 1030 (La. App. 5th Cir. 2017) (quoting LA. Civ Code art. 2298). However, a claim for unjust enrichment is subsidiary in nature and is "only applicable to fill a gap in the law where no express remedy is provided." *Mouton v. State,* 525 So.2d 1136, 1142 (La. App. 1st Cir. 1988).

      VSRS argues that the existence of a contract with Wynwards or with some other entity precludes Plaintiff's unjust enrichment claim. In *Insulation Technologies, Inc. v. Industrial Labor and Equipment Services, Inc.*, 122 So.3d 1146 (La. Ct. App. 4th Cir. 2013), the Louisiana Fourth Circuit examined a similar situation. In that case, a subcontractor, Insultech, sued ILES, a contractor with which it had contractual privity, and BP who hired ILES to assist in the cleanup of the BP oil spill. Insultech acknowledged that it had no contract with BP, but instead claimed unjust enrichment, arguing that BP refused to pay ILES when it knew Insultech was working as a subcontractor. The Court dismissed Insultech's unjust enrichment claim against BP, stating that it didn't matter that Insultech had no breach of contract remedy against BP. The mere fact that Insultech had a breach of contract claim against ILES was enough to preclude recovery under the theory of unjust enrichment. *Id.* at 1151. In this case as in *Insulation Technologies, Inc.*, Plaintiff has no contractual privity with VSRS, but the mere fact that Plaintiff can sustain a breach of contract claim against other entities such as Wynwards precludes the unjust enrichment claim against VSRS, and the claim must be **DISMISSED**.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendant VSRS Services, LLC's *Motion to Dismiss Pursuant to Rule 12(b)(6)* **(Rec. Doc. 27)** is **GRANTED**.

New Orleans, Louisiana, this 21st day of March, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE