UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GORILLA ENERGY SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 23-1580 |
| UNITED RESOURCE, LLC, ET AL. | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion for Default Judgment* **(Rec. Doc. 46)** filed by Plaintiff Gorilla Energy Services, LLC against Defendant Hard Rock Construction, LLC. Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This dispute arises from uncompensated Hurricane Ida recovery work performed by Plaintiff for Wynwards Energy Services, LLC pursuant to a contract between the two. Plaintiff concedes that Wynwards—which is not a named defendant to this action—initially paid Plaintiff's submitted invoices. Plaintiff, however, was not the only company performing recovery work for Wynwards. Plaintiff contends Defendant David Guth took on a managing role over the work performed. Connecting Guth's actions to his co-defendants, Plaintiff alleges "Guth was the principle [sic] for defendant United [Resource, LLC] who had contracts with co-defendants CES ["Compliance Envirosystems, LLC"], VSRS [Services, LLC], Hard Rock [Construction, LLC] and possibly Wynwards itself." (Rec. Doc. 26 at 4 ¶ 8 (Amended and Supplemental Complaint)). No matter Guth's direction, Wynwards refused to pay

1

for any of the work not directly related to Wynwards. Plaintiff avers the $129,355 in work performed at Guth's direction was never paid. In response to Plaintiff's request for payment, Defendants Hard Rock and VSRS "informed Gorilla that they had paid United and/or Guth for any amounts owed by them respectively." *Id.* at 4 ¶ 11. Guth, in turn, "acknowledged the debt" and "stated that he would pay Gorilla upon receipt of corresponding payment from CES, Hard Rock and/or VSRS." *Id.* at 5 ¶ 12. Plaintiff contends no payment has been received.

Plaintiff raised breach of contract, Louisiana Unfair Trade Practices, negligence, and unjust enrichment claims against all defendants. Claims against both VSRS and CES, however, have been dismissed from this action. First, this Court granted VSRS's Motion to Dismiss. (Rec. Doc. 29). Specifically, the Court found Plaintiff failed to plead sufficient facts of (1) an oral amendment to add VSRS to the recovery contract with Wynwards; (2) fraud or otherwise egregious conduct by VSRS in withholding payment to Plaintiff; (3) a negligence claim filed within the prescriptive period; or (4) the gap-filling claim of unjust enrichment where an action for breach of contract would exist. Eight months later, the Court granted CES's unopposed Motion to Dismiss, Rec. Doc. 44, raised on similar grounds, *see* Rec. Doc. 42 ("[B]ecause the material factual allegations concerning CES and VSRS are identical, it is manifest that the Court will rule similarly on CES's motion.").

Plaintiff now moves for a default judgment against similarly situated Defendant Hard Rock. Service of the Amended and Supplemental Complaint was made on Hard Rock on April 9, 2024, making its answer due April 30, 2024. (Rec. Doc. 36). Months later, after Hard Rock failed to file responsive pleadings, Plaintiff

moved for an entry of default, which the Court granted. (Rec. Docs. 37 and 43). Additionally, neither United nor its purported principal Guth have appeared in this action. The docket, moreover, does not reflect service executed on either, and Plaintiff concedes in its instant motion no service has been made on those defendants. (Rec. Doc. 46 ("Plaintiff sought service upon Hard Rock, as well as defendants United Resource, LLC and its principle [sic] David Guth, but Plaintiff was only able to perfect service against Hard Rock.")). A call docket is set for the service issues in this matter on February 19, 2025.

## **LEGAL STANDARD**

Under Rule 55(b) of the Federal Rules of Civil Procedure, a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an uncooperative defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default; "the clerk *must* enter the party's default" upon a plaintiff's sufficient application. *Jefferson v. Louisiana Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010) (quoting Fed. R. Civ. P. 55(a)) (emphasis in opinion). After the clerk has entered the default, the plaintiff may move for default judgment. Fed. R. Civ. P. 55(b). When considering whether there is a "sufficient basis in the pleadings" for the entry of a default judgment, the court must accept as true "the well-pleaded factual allegations in the plaintiff's complaint." *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (quoting *Nishimatsu Const. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, the defaulting defendant "is not held to admit facts that are not

3

well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. Ultimately, the disposition of a motion for the entry of default judgment rests within the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

## DISCUSSION

On fully briefed consideration, this Court determined Plaintiff failed to state a claim against VSRS, dismissing Plaintiff's breach of contract, Louisiana Unfair Trade Practices, negligence, and unjust enrichment claims. (Rec. Doc. 29). Thereafter, CES filed its own Motion to Dismiss, which Plaintiff did not oppose. (Rec. Doc. 42). This Court, in turn, dismissed the claims against CES. Although Hard Rock has failed to appear in this action, this Court struggles to see any daylight between Hard Rock and dismissed Defendants VSRS and CES.

In its Amended and Supplemental Complaint, Plaintiff consistently describes Hard Rock alongside VSRS and CES. Plaintiff states it worked "in conjunction with" the three entities, but only United, through the management of Guth, is shown to direct Plaintiff's activities. Further, when Plaintiff demanded payment, CES, Hard Rock, and VSRS each relayed payment had been made to United. Finally, Plaintiff contends United acknowledged, through Guth, its debt to Plaintiff.

The instant motion relies on the "reasons set forth in the Amended Complaint" and an affidavit from Plaintiff's owner, Chad Joyce, for a judgment of default. Joyce restates verbatim the allegations in the Amended and Supplemental Complaint. He further requests the unpaid invoice amount of $129,355, $5,000 in attorney's fees, and $500 in costs, subject to judicial interest. (Rec. Doc. 46-2 at 2).

4

Although "[a]ttempts by a defendant to escape the effects of his default should be strictly circumscribed[,]" the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. In evaluating a motion for a default judgment, the district court may use its discretion to instead dismiss the case in its entirety *sua sponte*. *Meyer*, 559 F. App'x at 313. This Court previously concluded Plaintiff failed to state claim against VSRS, dismissing the claims against the similarly situated defendant. This Court also previously concluded Plaintiff failed to state claim against CES, dismissing as unopposed the claims against that similarly situated defendant. These pleading failures likewise extend to Plaintiff's claims against Hard Rock. Lacking well-pleaded allegations, Plaintiff's claims against the defaulting Defendant must be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Gorilla Energy Services, LLC's *Motion for Default Judgment* **(Rec. Doc. 46)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Hard Rock Construction, LLC are **DISMISSED with prejudice**.

New Orleans, Louisiana, this 12th day of February, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE